ANGIER B. DUKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CORDELIA BIDDLE ROBERTSON, AS GENERAL GUARDIAN OF THE PROPERTY OF ANTHONY N. DUKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 79942, 79943.    Promulgated November 30, 1938.

*John G. Jackson, Esq.*, for the petitioners.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

DISNEY: In his determination of the deficiencies the respondent included in gross income of the petitioners amounts accumulated by the trustees for the account of the Duke children on the ground that they constituted taxable income under the provisions of article 862 of Regulations 77.

Article 862 of Regulations 77 relates to section 162 of the Revenue Act of 1932, which provides in subsection (c) that:

In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income

of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

The respondent filed no brief and his position respecting the Angier B. Duke, Sr., trusts is not clear. The amount of $10,000 paid by the trustee of the Angier B. Duke, Sr., trusts to the general guardian of each beneficiary was reported as income in returns filed by the general guardian, and no contention is being made that additional income of the Angier B. Duke, Sr., trusts was paid to the Duke children or to their general guardian, or that undistributed income was paid or credited to subsidiary trusts. The respondent treats the accumulated income as part of the trusts created for each child by the will of the decedent. Was the income not paid over properly credited during 1932 to the petitioners within the meaning of the act? If so, it is includable in their taxable income.

In *Commissioner* v. *Stearns*, 65 Fed. (2d) 371, the court said:

* * * Such distributions [of income received during the course of administration], and distributions at the discretion of the fiduciary, must be actually made, or irrevocably fixed, before they become the beneficiary's as of right. They should appear in the fiduciary's return, if they are still his; in the beneficiary's, only in case he has become presently entitled to them, or received them.

This serves to determine what is meant by the word, "credited," the alternative to "paid," though we can find no authority on the point. The income must be so definitively allocated to the legatee as to be beyond recall; "credit" for practical purposes is the equivalent of "payment." Therefore, a mere entry on the books of the fiduciary will not serve unless made in such circumstances that it cannot be recalled. * * *

This interpretation was concurred in by the court in *Lynchburg Trust & Savings Bank* v. *Commissioner*, 68 Fed. (2d) 356; certiorari denied, 292 U. S. 640, in which it was said that:

* * * The phrase "paid or credited" is used in opposition to the term "accumulated"; so that, the amount which is set aside for and made available to the beneficiary, either by actual payment or by credit, may be deducted, but the amount retained or accumulated forms part of the taxable income of the trust.

"The test of taxability to the beneficiary is not receipt of income, but the present right to receive it." *Freuler* v. *Helvering*, 291 U. S. 35.

In the case of each of the Angier B. Duke, Sr., trusts the trustee at all times important had discretionary power to distribute or accumulate income allocable to the interests of the Duke children. Acting under this discretionary power it withheld all of the income of each trust except $10,000, which was paid to the general guardian. The crediting of the accumulated amounts to accounts kept for the

beneficiaries was not equivalent to payment, for it did not make the income available or in any sense subject to the demand of the Duke children or their general guardian prior to the time the Duke children reached 21 years of age, and that event did not occur in or prior to the taxable year. It is clear that under the prevailing rule the petitioners did not receive distributions of income from the Angier B. Duke, Sr., trusts other than the amounts paid and reported as income. We therefore hold that respondent erred in including more than said amounts in income of these petitioners.

The trustees of the Doris Duke trust regarded the income which was withheld from the Duke children but credited to their income accounts as payment to trusts separate from the general trust or, in other words, they treated the amounts as distributions of income to subsidiary trusts as beneficiaries of the general trust. Checks were issued in connection with the distributions. The Commissioner has taxed the income, together with amounts withheld in like manner from other beneficiaries, to the general trust on the ground that the decedent's will did not create more than one trust. It does not appear whether the trustee, as trustee of the subsidiary trusts, returned the amounts as income received from the general trust, or whether the respondent has determined deficiencies against the so-called subsidiary trusts on the ground that they received income as beneficiaries of the general trust. The respondent's theory, as announced at the hearing, is that the accumulated income was credited to the petitioners, no contention being made that amounts were paid to them or for their account.

The intention of the statute is to tax the entire net income of the trust. *Freuler* v. *Helvering, supra.* None of the income of the Doris B. Duke trust during the taxable year was paid directly to the Duke children or to their general guardian. It is unnecessary to decide in these proceedings whether the will of James B. Duke created one trust or, in addition to a general trust, subsidiary trusts for accumulated income of the main trust. If but one trust was created the amount accumulated for each of the Duke children would fall within the same classification as the accumulated income of the Angier B. Duke, Sr., trusts, on which we have already hereinabove reached a conclusion. If the will of the decedent created subsidiary trusts to receive by way of payment or credit, as in *Lynchburg Trust & Savings Bank* v. *Commissioner, supra,* income of the general trust not distributed directly to the Duke children, the amount paid or credited would be deductible by the general trust and constitute income taxable to the separate trusts as beneficiaries of the general trust. As beneficiaries of trusts receiving income of the general trust there would be no crediting of income to them in the absence of a

right of election on their part or that of their guardian to receive it from the trustees of the subsidiary trusts. Such a right did not exist. Neither of the Duke children nor their guardian was entitled to receive any part of the accumulated income of the general trust until the Duke children reached their majority, and in the meantime the fund was to be kept under the exclusive control of the trustees, whether as the fiduciary of a single trust or of subsidiary trusts. We hold that the income was not paid or credited to petitioners.

It was error for the respondent to include the amounts in question in the taxable income of the petitioners.

*Decision will be entered under Rule 50.*